PETROPLUS, JUDGE:
This claim was submitted on Petition, Answer and Stipulation of Facts by agreement of counsel. The facts are as follows;
*160 1. A large volume of water released from an abandoned coal mine during the relocation and reconstruction of West Virginia Highway Route No. 61, in the City of Montgomery, Fayette County, West Virginia, on October 11, 1967, resulted in damages to an automobile owned by Margaret Roeser and Harriet Davidson, in the amount of $464.00. The automobile owners were indemnified through an insurance policy carried with State Farm Insurance Company, to whom the claim was assigned as subrogee.
2. The respondent had entered into a contract prior to October 11, 1967, with Mountain State Construction Company for the construction of said road, which contract required the Mountain State Construction Company to do certain excavation in accordance with plans and specifications approved by the respondent’s engineers. The excavation of a portion of a hillside overlooking the City of Montgomery was within the contemplation of the contract. The contract also required the excavation of a portion of an abandoned coal mine, as shown on the plans of the project.
3. The contractor proceeded with the excavation into the abandoned coal mine following the mine entry for approximately seventy feet, when a large volume of water was suddenly released flooding many parts of the City of Montgomery.
The respondent has denied liability, relying on the principle of law that it is not responsible for the negligence of an independent contractor.
This Court has previously held in similar Montgomery Flood cases that the respondent had a nondelegable duty to plan this project with ordinary engineering skill and the exercise of reasonable care to prevent damage to innocent persons who might be damaged by the construction procedures. See Opinion, Firestone Tire & Rubber Company vs. West Virginia Department of Highways, Claim No. D-227 decided February 16, 1972.
This claim was originally filed in the amount of $530.95, and later increased by amended complaint to $650.00. Since no evidence was taken at the hearing and the stipulation of counsel sets forth the amount of $464.00 as the agreed amount of damage, it appears that our award should be based on the lesser amount.
*161 Respondent’s motion to dismiss for failure to answer interrogatories predates the stipulation of facts and must be treated as withdrawn in view of the stipulation of facts. The motion to require the claimant to answer interrogatories we also consider moot in view of the stipulation.
For the foregoing reasons an award is accordingly made to the claimant in the amount of $464.00.
Claim allowed in the amount of $464.00.